## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

PHILLIP BOLINGER,

     Plaintiff,

-vs-

                                   Case No.

EQUIFAX INFORMATION SERVICES
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANS UNION
LLC, and HYUNDAI CAPITAL
AMERICA D/B/A KIA FINANCE
AMERICA,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Phillip Bolinger (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, Equifax Information Services LLC (hereinafter "Equifax"); Experian Information Solutions, Inc. (hereinafter "Experian"); Trans Union LLC (hereinafter "Trans Union"); and Hyundai Capital America d/b/a Kia Finance America (hereinafter "HCA") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8. Venue is proper in this District as Plaintiff is a natural person and resident of Lee County in the State of Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10. Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Rd, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through

4

its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.    Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.    Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.    HCA is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, NRAI Services, Inc. located at 1200 South Pine Island Rd, Plantation, FL 33324.

20.    HCA is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.    HCA furnished information about Plaintiff to Equifax, Experian and Trans Union that was inaccurate.

## FACTUAL ALLEGATIONS

5

22.     Plaintiff had an auto lease with HCA and on or about September 20, 2025, went to the Kia Dealership in Cape Coral and turn in his old vehicle (2023 Kia Telluride) and took out a lease on a new vehicle (2025 Kia Telluride).

23.     The old lease had one payment remaining, however, per the new lease agreement, HCA/Kia would cover the one remaining payment.  Plaintiff no longer owed a debt to HCA.  HCA and Kia are the same company.

24.     On or about October 12, 2025, the final remaining payment had been made in the amount of $604.33 (confirmation # 216517062).

25.     On or about December 2025, Plaintiff became aware of a drop in his credit score and was shocked to see HCA reporting the old lease as a repossession. Plaintiff's wife immediately contacted Kia and filed a formal grievance with Kia regarding the false claim of repossession.  The vehicle was never repossessed.

26.     On or about January 16, 2026, Plaintiff's wife spoke to HCA who informed her the old vehicle had been repossessed and towed to Orlando for a car auction and Plaintiff now owed $2,100.00 for a towing fee.

27.     On or about February 27, 2026, Plaintiff checked his credit reports again and while HCA was correctly reporting a $0.00 balance, it was still incorrectly listing that the car was a repossession.

28.     On or about March 6, 2026, Plaintiff sent detailed written disputes letter via Certified USPS Mail to Equifax (Tracking # 9589 0710 5270 2627 7178 18), Experian (Tracking #9589 0710 5270 2627 7178 25) and Trans Union (9589 0710 5270 2627 7178 32).   In the detailed letters Plaintiff included his social security number, address and date of birth to prove her identity. Furthermore, Plaintiff included images of hiS US Passport and Florida Driver's License. Plaintiff informed the CRAs that they were incorrectly showing hIS HCA account as a repossession as the loan had been paid off and the vehicle had been returned to the dealership and they had received their new vehicle. Plaintiff provided the emails showing confirmation of HCA receiving the final payment, as well as the document from the dealership showing HCA would make the final lease payment.

29.     On or about March 26, 2026, Plaintiff received Experian's response to his dispute (Report #2802-6349-82) and changed the account from a repossession to "Charged Off" and with a balance of $2,174.00, both of which are completely incorrect.

30.     On or about March 26, 2026, Plaintiff received Equifax's response to her dispute (Confirmation # 6072514929) and changed the account to "Charged Off" and with a balance of $2,174.00, both of which are completely inaccurate.

31. On or about March 27, 2026, Plaintiff received Trans Union's response to her dispute (File # 465238480) and listed the account as "Charged Off" with a balance due of $2,174.00, both of which are completely inaccurate.

32. Upon information and belief, the CRAs forwarded the request to HCA to confirm that the account was in good standing and not either repossessed or charged off with a balance due. Upon information and belief, HCA had knowledge of the situation and should have been able to confirm it was not due to any action or negligence by Plaintiff.

33. Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. Equifax received all the information necessary to have determined that Plaintiff's account was not repossessed, charged off or derogatory. Credit Reporting Agencies such as Equifax should be able to verify the veracity of Plaintiff's claims and that an error was made by HCA.

34. Equifax never attempted to contact Plaintiff during the alleged investigation.

35. Upon information and belief, Equifax notified HCA of Plaintiff's dispute. However, HCA failed to conduct a reasonable investigation and merely

8

compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

36. Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher. Trans Union received all the information necessary to have determined that Plaintiff's account was not repossessed, charged off or derogatory. Credit Reporting Agencies such as Trans Union should be able to verify the veracity of Plaintiff's claims and that an error was being made by HCA.

37. Trans Union never attempted to contact Plaintiff during the alleged investigation.

38. Upon information and belief, Trans Union notified HCA of Plaintiff's dispute. However, HCA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Trans Union in connection with the dispute investigation.

39. Upon information and belief, Experian failed to conduct a reasonable investigation and simply parroted information it received from the furnisher. Experian received all the information necessary to have determined that Plaintiff's account was not repossessed, charged off or derogatory. Credit

Reporting Agencies such as Experian should be able to verify the veracity of Plaintiff's claims and that an error was made by HCA.

40.    Upon information and belief, Experian notified HCA of Plaintiff's dispute. However, HCA failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

41.    On or about April 14, 2026, Plaintiff sent another set of detailed written dispute letters via Certified USPS Mail to Equifax (Tracking # 9407 1111 0549 5819 1765 24), Experian (Tracking #9407 1111 0549 5819 1765 00) and Trans Union (Tracking #9407 1111 0549 5819 1717 03). In the detailed letters Plaintiff included his social security number, address and date of birth to prove her identity. Furthermore, Plaintiff included images of his US Passport and Florida Driver's License. Plaintiff informed the CRAs that they were incorrectly showing her HCA account as a repossession as the loan had been paid off and the vehicle had been returned to the dealership and they had received their new vehicle. Plaintiff provided the emails showing confirmation of HCA receiving the final payment, as well as the document from the dealership showing HCA would make the final lease payment.

42.    As of the filing of this Complaint, Plaintiff has not received dispute results as to these detailed dispute letters.

43.    On or about May 7, 2026, Plaintiff pulled updated credit reports again and was stunned to see Equifax, Experian and Trans Union all still incorrectly reporting the HCA account as a negative charge off.

44.    As of the filing of this Complaint, upon information and belief, Equifax, Experian, and Trans Union have failed to review or conduct a reasonable investigation as to Plaintiff's disputes. The inaccurate reporting of the HCA Account continues.

45.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher, HCA.

46.    HCA has not conducted a reasonable investigation despite Plaintiff's numerous pleas.

47.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.  The Defendants continue to defame Plaintiff by reporting inaccurate delinquent payment behavior.

11

48.    Plaintiff applied for a Chase Credit Card and was denied on or about April 16, 2026, due to an alleged "repossession" on his credit report.

49.    At any point during this process, had the Defendants conducted a reasonable investigation in response to Plaintiff's disputes, the results would have been different.

50.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time, Plaintiff's attempts to correct her credit file has resulted in fees and costs;

    ii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' reluctance to fix the errors;

    iii.    Reduction in credit score as the Defendants failed to properly investigate the disputed information;

    iv.    Delay in applying for personal loans and lines of credit due to fear of denials from Plaintiff's lowered credit score;

v.   Defamation as Plaintiff's information has been published to third parties including but not limited to MyFICO to calculate Plaintiff's credit score as well as to soft and promotional inquiries.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

51.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

52.   Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

53.   Equifax allowed for a Furnisher, such as HCA, to report inaccurate and erroneous account information to Plaintiff's credit file.

54.   Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

55.   Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

13

56.   Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

57.   As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

58.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

59.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to

14

**Defendant, Equifax Information Services LLC (Willful)**

60. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

61. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

62. Equifax allowed for a Furnisher, such as HCA, to report inaccurate and erroneous account information to Plaintiff's credit file.

63. Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

64. Equifax selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

65. Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

66. As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional

15

distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

67. The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

68. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

<u>**COUNT III**</u>
**Violations of 15 U.S.C. § 1681i as to**
**Defendant, Equifax Information Services LLC (Negligent)**

69. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

16

70. After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

71. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

72. Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the HCA tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

73. As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury;

17

emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

74.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

75.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## <u>COUNT IV</u>
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

76.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

77.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

18

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

78.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

79.    Plaintiff provided Equifax with the information it needed to confirm the pay status and balance of the HCA tradeline was inaccurate. Equifax ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

80.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress,

anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

81.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

82.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Equifax Information Services LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT V
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

83.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

84.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

85.    Experian allowed for a Furnisher, such as HCA, to report inaccurate and erroneous account information to Plaintiff's credit file.

86.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

87.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

88.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

89.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

91. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VI
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Willful)

92. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

93. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

94. Experian allowed for a Furnisher, such as HCA, to report inaccurate and erroneous account information to Plaintiff's credit file.

95. Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

96. Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

97. Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

98. As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

99. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

100.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

101.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

102.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information

submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

103. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

104. Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the HCA tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

105. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

107. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

108. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

109. After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

110. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

111. Plaintiff provided Experian with the information it needed to confirm the pay status and balance of the HCA tradeline was inaccurate. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

112. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113. The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

114. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

115. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

116. Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

117. Trans Union allowed for a Furnisher, such as HCA, to report inaccurate and erroneous account information to Plaintiff's credit file.

118. Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

28

119. Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

120. Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

121. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

122. The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

123. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment

29

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

124.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

125.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

126.   Trans Union allowed for a Furnisher, such as HCA, to report inaccurate and erroneous account information to Plaintiff's credit file.

127.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

128.   Trans Union selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

129.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

130. As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

131. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

132. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

31

133.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

134.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

135.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

136.   Plaintiff provided Trans Union with the information it needed to confirm the pay status and balance of the HCA tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

137.    As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

138.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

139.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XII
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

33

160.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

161.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

162.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

163.   Plaintiff provided Trans Union with the information it needed to confirm the pay status and balance of the HCA tradeline was inaccurate. Trans Union ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make her credit file accurate.

164. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

165. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

166. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Trans Union LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, Hyundai Capital America d/b/a Kia Finance America
### (Negligent)

167. Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

168. HCA furnished inaccurate account information to Equifax, Experian and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

169. After receiving Plaintiff's disputes, HCA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170. Plaintiff provided all the relevant information and documents necessary for HCA to have identified that the account pay status and balance were erroneous.

171. HCA knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

172. HCA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax and Experian after it had been notified that the information it was furnishing was inaccurate.

173.    As a direct result of this conduct, action, and/or inaction of HCA, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

174.    The conduct, action, and inaction of HCA was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

175.    Plaintiff is entitled to recover costs and attorney's fees from HCA in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual damages against Defendant, Hyundai Capital America d/b/a Kia Finance America; jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## COUNT XIV
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, Hyundai Capital America d/b/a Kia Finance America (Willful)**

176.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty (50) above as if fully stated herein.

177.   HCA furnished inaccurate account information to Equifax, Experian, and Trans Union and through those CRAs to all of Plaintiff's potential lenders.

178.   After receiving Plaintiff's disputes, HCA violated 15 U.S.C. § 1681s-2(b) by (i) failing to fully and properly investigate Plaintiff's dispute of the erroneous account information; (ii) failing to review all relevant information regarding same; (iii) failing to accurately respond to Equifax, Experian and Trans Union; and (iv) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

179.   Plaintiff provided all the relevant information and documents necessary for HCA to have identified that the account pay status and balance were erroneous.

180.   HCA knowingly chose to follow procedures which did not review, confirm, or verify the account pay status and balance were accurate.

181.   HCA violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to Equifax, Experian and Trans Union after it had been notified that the information it was furnishing was inaccurate.

38

182. As a direct result of this conduct, action, and/or inaction of HCA, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

183. The conduct, action, and inaction of HCA was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

184. Plaintiff is entitled to recover costs and attorney's fees from HCA in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Hyundai Capital America d/b/a Kia Finance America; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Phillip Bolinger, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, Equifax Information Services LLC; Experian Information Solutions, Inc.; Trans Union LLC; and Hyundai Capital America d/b/a Kia Finance America, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this May 8, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com

*/s/Frank H. Kerney, III.*
Frank H. Kerney, III, Esq.

Florida Bar #:88672
Tennessee Bar #: 035859
Cell: (813)951-8278
Facsimile: (844)951-3933
Primary Email:
Frank@theconsumerlawyers.com
Secondary Email:
Lisa@theconsumerlawyers.com
*Attorneys for Plaintiff*

41